```
            UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                                   Criminal No. 18-cr-132-JD
                                                         Opinion No. 2020 DNH 177

<u>Laveneur Jackson</u>

### O R D E R

Defendant Laveneur Jackson moves to dismiss Counts 1 and 3 of the superseding indictment (doc. nos. 125, 126).[1] The government did not file a response.

### Background

Jackson is charged with two counts (Counts 1 and 3) of aiding and abetting the making of a material false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 2(a), 922(a)(6) and 924(a)(2), and with two counts (Counts 2 and 4) of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Jackson pleaded not guilty to the charges.

---

[1] Jackson filed these motions to dismiss while proceeding <u>pro</u> <u>se</u>. Subsequently, Jackson moved to revoke his <u>pro</u> <u>se</u> status and to have counsel appointed for him. The court granted Jackson's motion and appointed Attorney Simon Brown to represent Jackson. Because Jackson is now represented by counsel, any future motions must be submitted through counsel to be considered by the court.

Discussion

Jackson moves to dismiss Counts 1 and 3.  He argues that 18 U.S.C. §§ 2(a) and 922(a)(6) are unconstitutional and therefore Counts 1 and 3, which are premised on those statutes, must be dismissed for lack of jurisdiction pursuant to Fed. R. Crim. P. 12(b)(2).[2]

I.  18 U.S.C. § 2(a)

Under § 2(a), "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."  Jackson argues that § 2(a) is unconstitutional as applied to him because the superseding indictment does not charge an "offense against the United States."  He also contends that § 2(a) is unconstitutional on its face because it is impermissibly vague.

    A.   Offense Against the United States

Jackson argues that, under § 2(a), "an offense against the United States" is only one where the United States is the victim.  He argues that the firearms dealers – not the United States – are the victims of the alleged crimes of aiding or

---

[2] "A motion that the court lacks jurisdiction may be made at any time while the case is pending."  Fed. R. Crim. P. 12(b)(2).

2

abetting the making of a material false statement to a licensed firearms dealer. Because the United States was not a victim of the alleged criminal activity, Jackson contends, the government has no authority to prosecute charges under § 2(a).

Jackson's contention that § 2(a) is only narrowly applicable to crimes where the United States is the victim is incorrect. Rather, "[a]iding and abetting is an alternative charge in every count, whether explicit or implicit." United States v. Sanchez, 917 F.2d 607, 611 (1st Cir. 1990) (quotation marks and alterations omitted); see also United States v. Pino-Perez, 870 F.2d 1230, 1233 (7th Cir. 1989) ("Congress doesn't have to think about aider and abettor liability when it passes a new criminal statute, because section 2(a) attaches automatically. The question is not whether section 2(a) is applicable-it always is."); United States v. Jones, 678 F.2d 102, 105 (9th Cir. 1982) (stating that § 2(a) "is applicable to the entire criminal code."); Breeze v. United States, 398 F.2d 178, 192 (10th Cir. 1968) ("It is here to be recognized that Title 18 U.S.C. Section 2(a), is a part of the 'United States Code— Crimes and Criminal Procedure,' and one of the GENERAL PROVISIONS, applicable to the entire United States criminal code."). Therefore, Jackson's argument that § 2(a) is unconstitutional as applied in his case because the United States was not the victim of the charged crime is incorrect.

B.   Void for Vagueness

Jackson argues that § 2(a) is unconstitutional on its face because it is impermissibly vague.  Specifically, Jackson contends that § 2(a) lacks an element requiring proof of a "culpable state of mind."  Doc. 125 at 20.

A federal law violates the Due Process Clause[3] and is void for vagueness "if it is 'so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'"  United States v. Gonzalez, 949 F.3d 30, 38 (1st Cir. 2020) (quoting Johnson v. United States, 576 U.S. 591, 595 (2015)).  The void for vagueness doctrine attempts to ensure that "regulated parties . . . know what is required of them so they may act accordingly" and "to prevent a lack of precision in the law that enables those enforcing the law to apply it in an arbitrary and discriminatory way."  United States v. Craigue, No. 19-cr-142-LM, 2020 WL 1027818, at *3 (D.N.H. March 3, 2020) (quoting United States v. Zhen Zhou Wu, 711 F.3d 1, 13 (1st Cir. 2013)).

Section 2(a) is not impermissibly vague.  The meaning of aiding and abetting is well established.  See, e.g., United States v. Stepanets, 879 F.3d 367, 375 (1st Cir. 2018)

---

[3] "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. const. amend V.

4

("Generally speaking, an aider and abettor is one who knowingly helps another commit a crime."); United States v. Lyons, 740 F.3d 702, 715 (1st Cir. 2014) (noting the elements of aiding and abetting liability under § 2(a)).  Therefore, ordinary people "know what is required of them so they may act accordingly." See Zhen Zhou Wu, 711 F.3d at 13.

Contrary to Jackson's contention, aiding and abetting requires proof of a culpable state of mind: "in order to establish criminal liability under 18 U.S.C. § 2 for aiding and abetting criminal behavior, and subject to several caveats . . . , the government need prove beyond a reasonable doubt that the putative aider and abettor knew the facts that make the principal's conduct criminal." United States v. Ford, 821 F.3d 63, 74 (1st Cir. 2016).  Because proof of a culpable state of mind is required to prove guilt for aiding and abetting criminal behavior, law enforcement's ability to apply the law in an arbitrary or discriminatory way is circumscribed.  See Gonzales v. Carhart, 550 U.S. 124, 149-50 (2007) ("The Court has made clear that scienter requirements alleviate vagueness concerns. . . . The scienter requirements narrow the scope of the Act's prohibition and limit prosecutorial discretion.").

Jackson's facial challenge to the constitutionality of § 2(a) based on impermissible vagueness is denied.

5

## II.   18 U.S.C. § 922(a)(6)

Jackson also moves to dismiss Counts 1 and 3 on the ground that Congress lacked the constitutional authority to pass § 922(a)(6).  Jackson asserts that § 922(a)(6) criminalizes conduct that is "committed wholly within a state, committed on property [which is] privately owned, and has absolutely no connection with the federal government whatsoever."  Doc. 126 at 10.  Jackson contends that Article I of the Constitution does not authorize Congress to regulate intrastate sales of firearms.

Under § 922(a)(6), it is unlawful:

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

Section 922(a)(6) "contains no reference to commerce," and, further, "its legislative history reveals that Congress intended to regulate certain aspects of intrastate dealings in firearms because of their effect on interstate commerce."  United States v. O'Neill, 467 F.2d 1372, 1374 (2d Cir. 1972).  Indeed, "[t]he legislative history repeatedly states that § 922 makes it clear

that a license is required for an intrastate business as well as an interstate business." Id. (quotation marks omitted)

Jackson, however, is incorrect that Congress's authority cannot extend to intrastate conduct.  Rather, "[t]hat Congress has the power to regulate local or intrastate activities which might have a harmful effect upon interstate commerce is well settled." Id.  Therefore, even though the statute extends to intrastate transactions, "§ 922(a)(6) represents a valid exercise of Congressional power" and "the indictment suffices without having to plead or prove that the alleged conduct was connected with commerce." Id.; see also United States v. Crandall, 453 F.2d 1216, 1217-18 (1st Cir. 1972) ("Section 922(b) contains no analogous language from which a requirement that the transaction be in interstate commerce could be inferred.  Nor does the absence of such a requirement render section 922(b) unconstitutional.  That section regulates transactions with licensed dealers, whose general involvement with interstate commerce is ample to justify federal regulation of even their intrastate sales.").  Therefore, Jackson's argument that Counts 1 and 3 must be dismissed because § 922(a)(6) was enacted beyond Congress's authority is incorrect.

Conclusion

For the foregoing reasons, Jackson's motions to dismiss (doc. nos. 125, 126) are denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 5, 2020

cc:   Laveneur Jackson, pro se
      Bruce Kenna, Eq.
      Simon Brown, Esq.
      Anna Z. Krasinski, Esq.
      Seth R. Aframe, Esq.