```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                            Criminal No. 18-cr-132-JD
Laveneur Jackson                      Opinion NO. 2021 DNH 016

## O R D E R

Laveneur Jackson is a pretrial detainee charged with two firearms offenses, who is being held at the Strafford County House of Corrections without bail.  Jackson objected to detention initially and then moved for review of the detention order, but his request for release was denied.  His motion for reconsideration was also denied.  Jackson now moves to reopen the detention hearing, pursuant to 18 U.S.C. § 3142(f)(2)(B), alleging that new and compelling circumstances caused by the COVID-19 pandemic support his release.  The government objects.

## Standard of Review

A court may reopen a detention review hearing based on new and material evidence.  § 3142(f)(2)(B).  To support reopening a hearing, the judicial officer must find "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person

and the community." Id.  Importantly, the new information "must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012).  For purposes of deciding whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community, the court considers any new information about the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger the person poses.  18 U.S.C. § 3142(g).

## Background

Jackson is currently charged in a superseding indictment with two counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).[1] He has pleaded not guilty.

On February 26, 2019, the magistrate judge issued a detention order finding that that there were no conditions or combination of conditions of release that would reasonably

---

[1] Two counts of aiding and abetting the making of a material false statement in connection with the acquisition of a firearm have been dismissed with prejudice.

assure Jackson's appearance or the safety of the community. Doc. no. 9, at *3.  He was ordered detained pending trial.  In December of 2019, Jackson requested a review of his detention, and the court conducted a de novo review of the record.  18 U.S.C. § 3145(b).

Following the review, on March 12, 2020, the court concluded, based on the serious nature of the charges against Jackson, the weight of the evidence, and Jackson's criminal history including prior defaults, violations, and violent crimes, that the government had shown by clear and convincing evidence that Jackson posed a danger to the community and by a preponderance of the evidence that Jackson is a flight risk. Doc. no. 90, at *13.  The court also concluded that there was no condition or combination of conditions that would reasonably assure Jackson's appearance at trial and the safety of the community.  Id.  Jackson's request for release was denied.

Jackson moved for reconsideration of that decision, reiterating arguments he made in his original motion.  In addition, Jackson raised the effects and risks of the COVID-19 pandemic to pretrial detainees.  The court denied the motion for reconsideration.  Doc. no. 103.  The court incorporates the previous detention orders into this order.

At the request of the court in connection with the current motion, the probation officer prepared a report and recommendation.  The probation officer reports that Jackson proposes that if he is released he would live at Starting Point Sober Living in Manchester, New Hampshire, (the same living arrangement addressed in the March 3, 2020, addendum) and would work for Michael Bradford, in Billerica, Massachusetts, doing window installations (the same work arrangement as he proposed previously).

Over a twelve-month period between November of 2019 and October of 2020, Jackson incurred four disciplinary write-ups at the jail.  While two of the write-ups were deemed to be "major", Jackson provided an explanation of each which can be viewed as a mitigation of that characterization.  The probation officer determined that Jackson poses a risk of not appearing for trial if he were released, based on his criminal history, including his prior failures to appear, defaults, and probation violations.  The probation officer also determined that Jackson presents a risk of danger to the community if he were released because of his charged offenses, his substance abuse history, his repeated drug offenses, his pattern of noncompliance with probation, his lengthy and serious criminal history, and his disciplinary write-ups while in jail.

Jackson became ill this summer and was diagnosed with abscessed perforated diverticulitis. He underwent surgery and was hospitalized for three days. He continued to have bouts of abdominal pain after surgery. He has also had high sodium and high blood pressure readings.

The government had Jackson's medical records reviewed by Dr. J. Gavin Muir, Chief Medical Officer of Amoskeag Health in Manchester, New Hampshire. The government represents that based on his review, it is Dr. Muir's opinion that Jackson's diverticulitis and surgery and his high sodium and blood pressure readings are not relevant to the COVID-19 pandemic. Dr. Muir noted that Jackson has a BMI of 34.6, and the government acknowledges that Jackson's weight could put him at risk of serious illness if he were infected with COVID-19.

The COVID-19 pandemic is well documented, and there is no dispute that COVID-19 infection is present in the jail. Based on testing, the incidence of infection is increasing. The staff at the jail reported to the probation officer and to counsel for the government that Jackson is assigned to a unit that had no cases of COVID-19 as of January 11, 2021.

A video hearing was held on January 14, 2021. Counsel argued in support of Jackson's motion, focusing on the spread of COVID-19 infection in the jail, and arguing, among other things,

that the seriousness of Jackson's criminal history has been overstated.  The government argued that Jackson had not met the requirements to reopen the detention review hearing and that the relevant circumstances support detention.  The court took the motion under advisement.

## Discussion

Jackson moves to reopen the bail review hearing, arguing that circumstances have changed since the previous order primarily because of the COVID-19 pandemic, the infection rate in the jail, and the effect of his current medical conditions in combination with the risk of COVID-19 infection.  He also notes that two of the four charges against him have been dismissed and that his criminal history should be viewed in light of the passage of time and his current age.  Counsel for the government contends that Jackson has not provided grounds to reopen the detention review hearing, and alternatively, that if reopening were granted, the new information does not support release.

Jackson previously raised the COVID-19 pandemic as a ground for release, which was rejected.  See doc. no. 103.  Neither the existence of the pandemic nor Jackson's arguments to mitigate the seriousness of his criminal history are new information.  However, Jackson's medical issues that arose this summer, the

incidence of infection in the jail, and the dismissal of two charges are new information that was not known at the time of the court's review of the detention order.

The effects of the COVID-19 pandemic in a jail and the potential risk to a detainee, however, do not alone provide grounds to reopen a review of detention under § 3142(f)(2)(B). United States v. Bethany, 2020 WL 6731016, at *3 (N.D. Tex. Oct. 16, 2020) ("The existence of the pandemic does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure [the defendant's] appearance as required and the safety of any other person and the community."). Instead, new information must demonstrate that the COVID-19 pandemic has had a material effect on whether conditions of release could reasonably assure the appearance of the defendant as required and the safety of any other person and the community. United States v. Grant, 2020 WL 7640873, at *3, n.5 (D. Colo. Dec. 23, 2020); United States v. Sheridan, 2020 WL 7416913, at *2 (N.D. Ohio Dec. 18, 2020); United States v. Abari, 2020 WL 5877607, at *2-*3 (D. Minn. Oct. 2, 2020); United States v. Fields, 2020 WL 5250706, at *3 (S.D. Ohio Sept. 3, 2020); United States v. Blackstone, 2020 WL 4784777, at *2 (D. Md. Aug. 18, 2020).

Similarly, to support reopening based on the dismissal of two of the four charges against him, Jackson must show that the dismissal has a material effect on whether conditions of release could reasonably assure his appearance and the safety of the community. § 3142(f)(2)(B); see also United States v. Jackson, 2020 WL 6550505, at *1-*2 (E.D. Tenn. Nov. 5, 2020). In other words, Jackson must show that dismissal of the aiding and abetting charges materially changes the circumstances pertaining to flight risk and dangerousness. See id.

The court previously found that the government had sustained its burden of showing that no conditions of release could reasonably assure Jackson's appearance as required and the safety of any other person and the community. Docs. 90 and 103. Jackson has shown that since those decisions issued the COVID-19 virus has infected staff and inmates at the jail and that he has new medical conditions.[2] He has not provided evidence that the pandemic or the pandemic in combination with his medical conditions would have a material effect on whether conditions of release could reasonably assure his appearance as required and the safety of any other person and the community.

---

[2] Based on the government's proffer, only Jackson's BMI, not his new medical conditions, would potentially pose a risk in combination with the COVID-19 virus.

8

Jackson also has not shown that dismissal of the aiding and abetting charges changes the detention analysis.  He is still charged with two counts of possession of a firearm by a prohibited person.  Those are serious charges, and the other circumstances that pertain to detention remain the same.

Therefore, Jackson has not provided grounds, as required under § 3142(f)(2)(B), to reopen the detention review hearing.

## Conclusion

For the foregoing reasons, the defendant's motion to reopen the detention review hearing (document no. 145) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

January 22, 2021

cc: Counsel of record.